STATE EX REL. MITCHELL and others, on behalf of themselves and all others similarly situated, Petitioners, v. BOWMAN, Judge, Respondent.

*Argued February 21, 1972.—Decided February 25, 1972.*
(Also reported in 194 N. W. 2d 297.)

---

[3] *See: Schmidt v. Local Affairs & Development Dept.* (1968), 39 Wis. 2d 46, 60, 61, 158 N. W. 2d 306, and cases cited therein.

For the petitioners there was a brief by *Thomas R. Cannon, Jordan B. Reich, James D. Rudd,* and *Audrey Y. Schatell,* Legal Aid Society of Milwaukee, and oral argument by *Mr. Rudd.*

For the respondent there was a brief by *Robert P. Russell,* corporation counsel of Milwaukee county, and *Gerald G. Pagel,* assistant corporation counsel, and oral argument by *Mr. Pagel.*

PER CURIAM. On February 9, 1972, this court issued an alternative writ of prohibition against the Honorable GEORGE A. BOWMAN, JR., County Judge, Milwaukee County, commanding him to honor a request for substitution of a judge or an affidavit of prejudice made by each of the petitioners, or to show cause why he should not do so. The return to the alternative writ has been made and arguments heard. We are of the opinion sec. 971.20, Stats., which permits a request for a substitution of a judge in criminal cases, does not apply and was not intended by the legislature to apply to juvenile matters. Likewise, sec. 261.08, allowing the use of an affidavit of prejudice in civil cases, is not applicable to juvenile matters. There appears to be no applicable statute granting a statutory right for a change of judge, for or without cause, in commitment hearings in the juvenile court. We point out, however, that under

■■■■■■■■■■■■

the constitution no person, whether a juvenile or an adult, should be tried by a judge if the person involved can prove that the judge is prejudiced against him. Every person has a right to a fair trial by an impartial judge and jury; due process requires this. Therefore, a juvenile may move a judge in a juvenile matter to disqualify himself on the ground of prejudice, but the judge need not accept such affidavit at face value, as is his duty under sec. 261.08. A showing of prejudice in fact must be made. Of course, a juvenile judge may disqualify himself sua sponte in a juvenile matter, the same as in any other matter.

Since there is no proof in the present record of actual prejudice, the petition for a permanent writ of prohibition is denied and the temporary injunction of February 9, 1972, is dissolved.