IN RE D. M. D. (a minor), Appellant, v. STATE, Respondent.

*No. 242.   Argued March 1, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 594.)

For the appellant there were briefs by *Robert D. Repasky* and *Seymour Pikofsky,* Milwaukee Legal Services, and oral argument by *Mr. Repasky.*

For the respondent the cause was argued by *Sverre O. Tinglum,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. Challenged by this appeal is the issuance of a petition in a children's court proceeding without a prior judicial determination of probable cause.[1] In so doing, appellant (1) analogizes the issuance of the petition in juvenile proceedings with the issuance of an arrest warrant in an adult criminal case; (2) assumes that all rights given defendants in adult criminal trials must be provided to juveniles in children's court proceedings; and (3) argues that issuance of a petition in a juvenile proceeding without a prior judicial determination of probable cause is constitutionally invalid. The analogy, the assumption and the argument alike require analysis.

*Question.* Is the issuance of a petition in a juvenile court proceeding the equivalent of issuing a warrant for arrest in an adult criminal case?

*Answer.* No. The arrest warrant creates a detention situation. The petition does not. As the circuit judge noted, "The juvenile was never detained at any time as a result of these petitions. . . ." That would not be the case where an arrest warrant was served. "A warrant is a written order . . . commanding a law-enforcement officer to arrest a person and bring him before the magistrate. . . ."[2] That involves placing the person

---

[1] Sec. 48.20, Stats.

[2] *Pillsbury v. State* (1966), 31 Wis. 2d 87, 92, 142 N. W. 2d 187.

arrested in custody. "The central idea of arrest is the taking or detaining of a person by word or action in custody so as to subject his liberty to the actual control and will of the person making an arrest. . . ." [3] Each petition in this proceeding prays that the court fix a time and place for a hearing on the petition so that the court may determine if the juvenile has committed the acts complained of, and, if so, may make an appropriate disposition of the matter. By statute,[4] if the parties do not voluntarily appear in response to the petition, a summons shall be issued directing the person with legal custody of the child to appear in court, bringing the child, if directed so to do. Even then no arrest or detention is involved. The petition, in fact, is the equivalent of a summons, directing the persons named to appear in a certain court at a certain time. And, as this court has stated, ". . . a summons (unlike a warrant) does not authorize an arrest." [5] It is true that a person who fails to respond to a summons or subpoena may be proceeded against for contempt of court in failing to appear as summoned or subpoenaed. However, the contempt involved rests upon the failure to respond to process, not to the nature of the matter before the court for determination. There is no analogy between the petition in juvenile court proceedings and the arrest warrant in adult criminal trials. Anyone who has been served with a summons

[3] *Huebner v. State* (1967), 33 Wis. 2d 505, 516, 147 N. W. 2d 646.

[4] Sec. 48.21, Stats.

[5] *State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 598, 599, 137 N. W. 2d 391, holding that district attorneys may not issue arrest warrants because district attorneys are not magistrates, but that ". . . a district attorney may initiate a prosecution by issuing a summons instead of a warrant. It is defensible to permit a corporation counsel or district attorney to issue a summons even though he may not issue a warrant, because a summons (unlike a warrant) does not authorize an arrest."

and with an arrest warrant has reason to recall the essential difference.

*Question.* Must all rights provided for the adult accused in criminal trials be imposed upon state juvenile court proceedings?

*Answer.* No. Even if an analogy between a petition in juvenile proceedings and an arrest warrant in adult criminal cases could have been established, it would not follow, from that fact of analogy alone, that the statute authorizing issuance of such petitions would have to be struck down as constitutionally infirm. This is clear from a reading of the case of *McKeiver v. Pennsylvania,*[6] dealing with this exact question. There the United States Supreme Court held that ". . . trial by jury in the juvenile court's adjudicative stage is not a constitutional requirement. . . ."[7] In so doing, the high court majority ". . . refrained . . . from taking the easy way with a flat holding that all rights constitutionally assured for the adult accused are to be imposed upon the state juvenile proceeding."[8] Instead, it observed that: "If the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence. . . ."[9] Due process and fair treatment are to mark juvenile proceedings as well as adult trials. Both have a common harbor, the fair and just disposition of matters before the court, but they may sail by different routes to the shared destination. Each must avoid the reefs of constitutionally assured protections, but they need not sail side by side in so doing. Any analogy established between steps in juvenile proceedings with stages in the processing of criminal cases may be arguably persuasive, but it is not controlling.

[6] (1971), 403 U. S. 528, 533, 91 Sup. Ct. 1976, 29 L. Ed. 2d 647.
[7] *Id.* at page 545.
[8] *Id.* at page 545.
[9] *Id.* at page 551.

*Question.* Is the issuance of a petition, or petition and summons, in a juvenile court proceeding without a prior judicial determination of probable cause constitutionally invalid?

*Answer.* No. Appellant argues that the issuance of the petition here, with no prior judicial determination of probable cause, is in violation of the fourth amendment of the United States Constitution. The case of *In Re Gault*,[10] while not ". . . concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process . . . ,"[11] as we are here, made clear that ". . . the due process clause has a role to play"[12] in juvenile court proceedings. However, due process is an exact synonym for fundamental fairness, so ". . . the applicable due process standard in juvenile proceedings is fundamental fairness. . . ."[13] Applying this test to the procedure here challenged requires a brief summary of the manner in which court inquiries are initiated and eventual dispositions made in Wisconsin juvenile courts under the juvenile code.[14]

The emphasis of the Wisconsin statutes in the early and preadjudicative phases of a juvenile court proceeding is entirely on fact-finding. When a problem involving a juvenile is brought to juvenile court attention, ". . . an investigation shall be made by persons designated by the court to determine the facts. . . ."[15] If the facts indicate a problem over which the juvenile court has jurisdiction, a juvenile delinquency petition may be filed as a prelude to a formal court hearing, or the court may defer such petition and hearing if the child appears with his parents or guardian so that the court can recom-

---

[10] (1967), 387 U. S. 1, 87 Sup. Ct. 1428, 18 L. Ed. 2d 527.
[11] *Id.* at page 13.
[12] *Id.* at page 13.
[13] *McKeiver v. Pennsylvania, supra,* at page 543.
[14] Ch. 48, Stats.
[15] Sec. 48.19, Stats.

mend an informal solution.[16] If the parent or guardian objects to the informal handling of the matter, or rejects the court's recommended disposition, a petition may be filed.[17] The petition may be verified on information and belief and set forth the facts that bring the juvenile within the jurisdiction of the court.[18] The petition prays the court to fix a time and place for hearing. At such hearing the court is to determine if the juvenile has committed the acts charged and, if so, is to determine the proper disposition.[19] If the parties do not voluntarily appear in response to the petition, a summons is to be issued requiring the person with legal custody of the juvenile to appear in court, bringing the juvenile, if ordered so to do.[20] Failure to respond to the summons permits the court to issue a capias.[21]

In the case before us, the petition (in fact, two petitions) was issued. (Appellant contends that a summons was also issued although the summons does not appear in the record.) In response to the petition, or petition and summons, the appellant did appear in court at the proper time, but did not submit to the jurisdiction of the court, making a special appearance to contest such jurisdiction. At no time was appellant detained or placed in custody. As the circuit court put it: "She has remained secure. There has been no intrusion into her life." At least, there has been no intrusion of a degree or significance sufficient to raise constitutional questions. She and her parents are in the same situation as someone summoned to appear in court in civil litigation, or subpoenaed as a witness in a civil action or to testify before a grand jury. We do not have a situation where a juvenile has

[16] Sec. 48.19, Stats.
[17] Sec. 48.19, Stats.
[18] Sec. 48.20 (2), Stats.
[19] Sec. 48.25, Stats.
[20] Sec. 48.21 (1), Stats.
[21] Sec. 48.23, Stats.

been placed in custody. We do not have the issue of whether a juvenile can be detained or held in custody beyond the opening of the next court session, or until an investigation is conducted or hearing held, rather than released until the investigation is completed or hearing held. Here we are at a predetention, as well as preadjudicative, stage of the proceedings. We see nothing in the procedure followed, on its face or applied to this appellant, that violates due process or fundamental fairness. Within constitutional limits, it is for the legislature, not the courts, to prescribe procedures to be followed, and we find no constitutional infirmity in the procedure statutorily prescribed. It has been said that such procedures are to ". . . insure that the juvenile court will operate in an atmosphere which is orderly enough to impress the juvenile with the gravity of the situation and the impartiality of the tribunal and at the same time informal enough to permit the benefits of the juvenile system to operate." [22] The legislature apparently has sought to provide both order and informality in the fact-finding and preadjudicative phases of juvenile court proceedings. We see no basis for finding that it has denied the constitutional assurance of fundamental fairness in the manner in which it has sought to combine orderliness and flexibility.

*By the Court.*—Judgment affirmed.

WILKIE, J. *(concurring).* The narrow question presented in this appeal is whether a juvenile, who is not faced with the possibility of pretrial detention, has a constitutional right to a preliminary hearing. I agree that the child in this situation does not have such a right. I would affirm the order on that basis and not attempt to consider the very difficult questions of the extent due

---

[22] *McKeiver v. Pennsylvania, supra,* at page 539, quoting *Terry Appeal* (1970), 438 Pa. 339, 347, 265 Atl. 2d 350.

process applies to juvenile courts. In *McKeiver v. Pennsylvania* [1] the supreme court, in five separate opinions, held that a child does not have a constitutional right to a jury trial. Until we have a more definite indication from the United States Supreme Court on the question of the extent due process applies to juvenile court, or until we are required by an actual case to decide the extent a juvenile alleged to be delinquent is entitled to criminal due process, I believe that we should avoid reaching very broad questions in this area.

I am authorized to state that Mr. Justice HEFFERNAN joins in this concurring opinion.

---

[1] (1971), 403 U. S. 528, 91 Sup. Ct. 1976, 29 L. Ed. 2d 647.