ALEX J. RAINERI, District Attorney, Iron County
Your recent letter sets forth the following fact situation: Three children, ages 14, 16 and 16, who reside in Iron County, Wisconsin, were apprehended in Gogebic County, Michigan, for the crime of *Page 230 
arson to a dwelling. They were in the company of two Michigan youths, ages 18 and 19. The dwelling involved was that of the principal of the school attended by the Michigan youths, who were angry at the principal because of problems in school. The three Wisconsin children were turned over to Iron County juvenile authorities and are presently in Iron County, Wisconsin. On the basis of this fact situation, you ask for my opinion on whether the juvenile court of Iron County has jurisdiction to entertain a petition alleging that the three Wisconsin children are delinquent on the basis of the act committed in the state of Michigan in contravention of its criminal law.
Prior to the amendment of sec. 48.12, Stats., by ch. 125, Laws of 1971, the answer to this inquiry would have been difficult. This is because sec. 48.12, 1969 Stats., provided:
"The juvenile court has exclusive jurisdiction * * * over any child who is alleged to be delinquent because:
"(1) He has violated any state law or any county, town, or municipal ordinance; or
"* * *" (Emphasis added.)
This grant of jurisdiction might reasonably have been interpreted to mean that there was jurisdiction only when the child was alleged to be delinquent because he violated a Wisconsin law or a county, town, or municipal ordinance.
The problem is clarified, however, by the present content of sec. 48.12, 1971 Stats. That section now provides:
"The juvenile court has exclusive jurisdiction * * * over any child:
"(1) Who is alleged to be delinquent because he has violated any federal criminal law, criminal law of any state, or any county, town or municipal ordinance that conforms in substance to the criminal law, or an order for supervision under s. 48.345; or
"* * *" (Emphasis added.)
The phrase "criminal law of any state" certainly includes the laws of the state of Michigan. In my opinion, therefore, the juvenile court of Iron County does have jurisdiction to entertain a petition *Page 231 
alleging that children, who are both residents of and present in Iron County, are delinquent in that they violated a criminal law of the state of Michigan.
This conclusion is reinforced by other content of ch. 48, Stats., including not only the intent of the chapter and the disposition provisions thereof, but also by sec. 48.16, Stats. The latter is on the subject of venue and provides that venue for a delinquency proceeding based on a violation of the criminal law is 1) in the county where the child resides or 2) the county where the child is present or 3) the county where the violation occurred. Under this section of the statutes it is clearly not
required that the proceeding be held in the county where the criminal act occurred. In fact, prior to 1955, venue of a delinquency proceeding was exclusively in the county where the child resided or where he, his parent, guardian, or custodian were present. Section 48.01 (5)(a)and (am), 1953 Stats.
The question probably arises because if a "criminal prosecution" was involved that prosecution would have to be brought in Gogebic County, Michigan. This is required by theSixth Amendment to the United States Constitution[1] as well as by provisions in the state constitutions and statutes. A delinquency proceeding, however, is not a "criminal prosecution," criminal procedures do not apply, and an adjudication of delinquency is neither a "conviction" nor is a child a "criminal" as a result thereof. See sec. 48.38, Stats., and such cases asWinburn v. State (1966), 32 Wis.2d 152, 145 N.W.2d 178; Banas v.State (1967), 34 Wis.2d 468, 149 N.W.2d 571; and In re D.M.D. (aminor) v. State (1972), 54 Wis.2d 313, 195 N.W.2d 594.
Nothing in In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428,18 L.Ed.2d 527, In re Winship (1970), 397 U.S. 358, 90 S.Ct. 1068,25 L.Ed.2d 368, or other decisions of the United States Supreme Court changes a delinquency proceeding into a "criminal prosecution" even though an alleged juvenile delinquent does have *Page 232 
some of the same rights in a delinquency proceeding as does an accused in a criminal prosecution.
RWW:BRB
[1] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *."