STATE EX REL. R. R. (a juvenile), Petitioner, v. SCHMIDT, Secretary, Department of Health & Social Services, Respondent.*

*No. State 245. Argued March 6, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 18.)

* Motion for rehearing denied, without costs, on June 4, 1974.

For the petitioner there was a brief by *Howard B. Eisenberg*, state public defender, and *Kenneth P. Casey*, assistant state public defender, and oral argument by *Mr. Casey*.

For the respondents the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

HANLEY, J.  Three issues are raised on this original action.

1.  In an administrative hearing concerning revocation of a juvenile's aftercare supervision, does the juvenile have a constitutional right to inspect and reply to the hearing examiner's report?

2. Do the fair-play provisions of the Wisconsin Administrative Procedure Act apply to such revocation hearings?

3. What effect, if any, has sec. 48.78, Stats., upon the juvenile's right to inspect the hearing examiner's report?

*Constitutional right.*

Both parties agree that petitioner has a constitutional right to inspect the hearing examiner's report under the mandate of *Zizzo v. United States* (7th Cir. 1972), 470 Fed. 2d 105, 108, certiorari denied, 409 U. S. 1012, 93 Sup. Ct. 443, 34 L. Ed. 2d 306. That case involved revocation of the parole of an adult criminal defendant and the due process procedures which must be followed when parole is revoked. The court concluded that the hearing examiner's report must be made known to the parolee and that he must be given an opportunity to object by written submission before adoption of the report, citing *Morrissey v. Brewer* (1972), 408 U. S. 471, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484, but holding that *Morrissey* is to be applied prospectively only to June 29, 1972.

In *Morrissey* the court defined those procedures necessary to comport with the requirements of the due process clause of the fourteenth amendment in cases concerning revocation of the parole of an adult defendant. The court first distinguished the factual situation of *Morrissey* from *Mempa v. Rhay* (1967), 389 U. S. 128, 88 Sup. Ct. 254, 19 L. Ed. 2d 336, which involved safeguards required when probation is revoked in a case where no sentence had been imposed prior to probation:

"We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Cf. *Mempa v. Rhay,* 389 U. S. 128 (1967). Parole arises after the end

of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Id.* at page 480.

In outlining the procedures required to comply with due process in the *Morrissey* fact situation, the court stated:

"We cannot write a code of procedure; that is the responsibility of each State. Most States have done so by legislation, others by judicial decision usually on due process grounds. Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation) ; (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id.* at pages 488, 489.

In *Zizzo, supra,* the court held that several of the requirements cited in *Morrissey, supra,* led to the conclusion that a defendant in a parole revocation proceeding must be afforded access to the hearing examiner's report:

" '(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole'; . . .

'(b) disclosure to the parolee of evidence against him;' . . . '(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)'."

In *State ex rel. Bernal v. Hershman* (1972), 54 Wis. 2d 626, 196 N. W. 2d 721, this court extended the rights granted to the parolee in *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306, to a juvenile under "aftercare" supervision by the department, adding the right to counsel to such revocation proceedings. The court stated at page 630:

"Since we see no essential constitutional difference between a parole of an adult and 'liberty under supervision' of a juvenile, we believe the procedure should be uniform as far as practical . . . ."

*Bernal* preceded *Morrissey v. Brewer, supra,* by about two months in laying out some of the same requisites for revocation proceedings, *e.g.,* advising of rights prior to hearing, timely written statement and notice of reasons revocation was recommended; administrative hearing with opportunity to present and cross-examine witnesses and present oral arguments; transcript if requested; prompt advisement of the board's decision and of its reasons and the evidence relied upon and impartial hearing officer.

Both the court's conclusion that for constitutional due process purposes there is no difference between parole revocation and revocation of a juvenile's "aftercare" supervision, and the language emphasized above, point to the conclusion that due process requires that the juvenile should be afforded a copy of the hearing examiner's report and the opportunity to object thereto by written submission prior to the decision of the department secretary.

*Do the APA fair-play provisions (secs. 227.07–227.13) apply to "aftercare"?*

The petitioner then contends that, in addition to his constitutionally protected due process right to be afforded a copy of the hearing examiner's report and the opportunity to object thereto by written submission prior to the decision of the department secretary, the fair-play provisions of the Wisconsin Administrative Procedure Act—secs. 227.07–227.13, Stats.,—are herein applicable and that there exists a right to an oral argument before the department secretary prior to his determination of the issue. Such is, however, not the case.

This court has on numerous occasions addressed itself to the constitutional and statutory rights embodied in the Wisconsin Children's Code and has determined that, within constitutional limits, it is for the legislature, not the courts, to prescribe the procedures to be followed in juvenile court proceedings. *In re D. M. D. (a minor) v. State* (1972), 54 Wis. 2d 313, 195 N. W. 2d 594. Absent a constitutional requirement thereto, this court will not legislatively engraft a judicially conceived procedural right on the Wisconsin Children's Code.[1] The petitioner's request that this court engraft the right to oral argument before the department secretary prior to his determination of the issue is without merit.

[1] *See State ex rel. Mitchell v. Bowman* (1972), 54 Wis. 2d 5, 194 N. W. 2d 297, in which we held that the right to a substitution of a judge in criminal cases under sec. 971.20, Stats., or the right to an affidavit of prejudice in civil cases under sec. 261.08, was not intended by the legislature to apply to the Children's Code and that the juveniles' rights were limited to the due process rights of a fair trial by an impartial judge and jury. *See also: In re D. M. D. (a minor) v. State, supra,* wherein the court determined that, unlike adult criminal procedure, the issuance of a petition without a prior determination of probable cause is neither statutorily required nor constitutionally mandated.

The procedural guarantees which are constitutionally required in revocation hearings consist of the following:

(a) A written statement and notice or reasons revocation was recommended;

(b) the right to present and cross-examine witnesses;

(c) the right to present arguments and evidence orally before the hearing examiner;

(d) the right to a transcript if requested;

(e) a prompt notification of the decision; and

(f) the right to inspect and a written reply to the hearing examiner's report.

*See State ex rel. Bernal v. Hershman, supra; State ex rel. Johnson v. Cady, supra. See also: Morrissey v. Brewer, supra; Zizzo v. United States, supra.* Yet, in the words of the United States Supreme Court, "the full panoply of rights due a defendant in such a proceeding [criminal prosecution] does not apply to parole revocations." *Morrissey v. Brewer, supra,* at page 480. The procedural aspects of such a revocation hearing are, however, to remain flexible and are not equated with those of a criminal prosecution or similar hearings. *Morrissey v. Brewer, supra.* This court does not believe and the United States Supreme Court has never held that there exists a due process ccnstitutional right to an oral argument before the department secretary prior to his determination of the issue.

Similarly, it is the opinion of this court that there exists no statutory right to present an oral argument as guaranteed in the Wisconsin Administrative Procedure Act before the department secretary. The Wisconsin Children's Code makes no provision as to the applicability of ch. 227, Stats., thereto and this court will not so legislate its application. Neither has this court deemed ch. 227, as being applicable to adult parole revocation hearings. *State ex rel. Johnson v. Cady, supra.* The rights guaranteed by such a hearing have been specifically delineated and do not rise to the level of a criminal prosecu-

tion or a ch. 227 hearing. Such being the case, the right to an oral argument before the department secretary is without statutory or constitutional basis and must be denied.

*Applicability of sec. 48.78, Stats.*

Sec. 48.78, Stats., provides:

"**Confidentiality of records.** Records kept or information received by the department, county agencies specified in s. 48.56, licensed child welfare agencies, licensed day care centers and licensed maternity hospitals regarding individuals in their care or legal custody shall not be open to inspection or their contents disclosed except by order of the court. This section does not apply to the confidential exchange of information between these agencies or other social welfare or law enforcement agencies regarding individuals in the care or legal custody of one of the agencies."

Since a constitutional due process right to the hearing examiner's report exists under *Zizzo, supra,* we hold that sec. 48.78 cannot prevent the juvenile from access to the report.

It must be noted that the statute does not absolutely prevent disclosure. Disclosure may be ordered by the juvenile court, and the reasons for disclosure here would certainly appear to constitute good and sufficient cause.

Counsel for both parties call the court's attention to the following language in *State ex rel. Johnson v. Cady, supra,* at page 550:

"We, therefore, hold that petitioner's right of review of a revocation hearing is by certiorari directed to the court of conviction."

Counsel contends this language appears to confer jurisdiction on a court in circumstances where such jurisdiction has been expressly withheld by the legislature. Obviously it was not the intention of this court to confer certiorari jurisdiction on county courts. To clarify the

court's intention we add the following sentence to the language referred to:

"When such court has certiorari jurisdiction; otherwise, to a court having said jurisdiction in the county where petitioner was convicted."

We conclude that the petitioner and his attorney are entitled to receive copies of the hearing examiner's report and recommendations which were filed subsequent to an administrative aftercare revocation hearing held on October 2, 1973.

*By the Court.*—Writ of mandamus granted vacating revocation order and requiring disclosure of examiner's report.