QUESTIONS: 1. What constitutes the "records of any child-abuse case"? 2. Are "the records" kept in either the state office registry or the local Division of Family Services office of the reports from the abuse registry and investigative reports and records of the alleged abuse available under the discovery procedures of the civil and criminal rules of procedure despite statutory provisions of confidentiality? 3. If the "records" themselves are not available, may the caseworker investigating the alleged abuse be deposed as to the worker's personal knowledge of the case without violating confidentiality provisions in: (a) A criminal abuse action? (b) A civil dependency proceeding under Ch. 39, F. S.? 4. What do the words "except as provided in this section" mean in relation to s. 827.07(6), (7), and (8), F. S., and the release of confidential information in the registry and social work records of the division in the following situations: (a) When police protection appears urgent, may the Division of Family Services caseworker call law enforcement officials directly without going through the office of the state attorney? (b) Must the caseworker call only the state attorney? (c) Would releasing information directly to law enforcement officials, if the worker is not required to relay only to the state attorney, be in violation of the provisions against the release of information which would make the worker personally liable? (d) How much of the information of the abuse registry may be transmitted to the state attorney (or law enforcement officials, if permitted)?
SUMMARY: Any and all documents or "public records" made or received by the Department of Health and Rehabilitative Services which contain any information involving known or suspected instances of child abuse or maltreatment are confidential within the purview of Chs. 75-101 and 75-185, Laws of Florida, and, accordingly, are not subject to public inspection except as specifically provided therein. Questions concerning the extent to which statutorily confidential records and reports of known or suspected child-abuse cases or information contained therein are subject to discovery under the Civil or Criminal Rules of Procedure must be resolved by the courts on a case-by-case analysis of need and relevancy and the legal issues and actual circumstances involved in any given case. The Division of Family Services may call law enforcement officials directly without first contacting the state attorney when an urgent situation exists requiring immediate police action or protection of the safety and welfare of children. The prohibition regarding release of confidential information was neither intended to, nor does it, apply to release of information to the state attorney and local law enforcement personnel assisting in the investigation of a criminally abused child. The findings of an investigation made pursuant to s. 827.07(6), F. S., or the entire report of the investigation — except for the name of the person reporting the child abuse — rendered to and received by the department may be transmitted to the state attorney. However, the names of persons reporting abuse should not be furnished to the state attorney, the police, or the courts without the written authorization of the person reporting the abuse. AS TO QUESTION 1: Section 827.07(11), F. S., Ch. 75-101, Laws of Florida, provides that: Any person who willfully or knowingly makes public or discloses any information contained in the child-abuse registry or the records of any child-abuse case, except as provided in this section, may be held personally liable. Any person injured or aggrieved by such disclosure shall be entitled to damages. This section amended s. 827.07, F. S., formerly s. 828.041, F. S., which relates to child abuse. Subsequently, s. 827.07 was further amended by Ch. 75-185, Laws of Florida. While the "records" of any child-abuse case are not specifically defined within either Ch. 75-101 or Ch. 75-185, supra, various documents are mentioned within the latter act which can be used to delineate the intended coverage of the prohibition found within Ch. 75-101. For example, s. 827.07(6), F. S., refers to "reports of abuse" which must be transmitted to the department. More specifically, s. 827.01(7), F. S., makes all reports and records concerning known or suspected instances of child abuse confidential. This provision is an obvious exception to those provisions of Ch. 119, F. S., as amended by Ch. 75-225, Laws of Florida, relating to public inspection of public records. Pursuant to s. 119.011(1), "public records" are defined to include . . . all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. Based on the above, I am of the view that any and all documents or "public records" made or received by the department which contain any information involving known or suspected instances of child abuse or maltreatment are confidential within the purview of Chs. 75-101 and 75-185, supra, and, accordingly, are not subject to public inspection except as specifically provided therein. Also see s. 119.07(2)(a), F. S., exempting all "public records" which are provided by law to be confidential or which are prohibited from being inspected by the public, from inspection under the provisions of s. 119.07(1), F. S. AS TO QUESTION 2: A definitive answer to this question is impossible to formulate without analyzing the facts of a particular case which might arise in which such records could be deemed to be relevant or necessary to the maintenance or defense of a civil action or criminal prosecution. Additionally, because of the nature of the subject matter and the type of civil actions which could arise in connection therewith, potential constitutional questions involving due process rights could be presented. See s. 9, Art. I, State Const.; United States Const., Amend. XIV, s. 1. In a criminal context, issues involving compulsory process of witnesses, the right to present a full defense, and the right to confrontation and cross-examination might also be involved. See s. 16, Art. I, State Const.; United States Const., Amend. VI. Generally, courts which have considered issues involving discovery and confidential documents have ordered in camera inspections of such materials in order to determine the relevance and need for the documents in a particular case. See, e.g., Barnett v. Police Dept. of County of Nassau, 364 N.Y.S.2d 186 (Sup.Ct. 1975); In re L., 357 N.Y.S.2d 987 (Sup.Ct. 1974); Addie W. v. Chorees U., 354 N.Y.S.2d 721 (Sup.Ct. 1974). Also see State ex rel. R. R. v. Schmidt, 216 N.W.2d 18 (Wis. 1974), involving the federal constitutional right of a juvenile to inspect a hearing examiner's report made confidential by state law concerning revocation of a juvenile's "aftercare supervision" status. However, in Fogarty Bros. Transfer Co. v. Perkins,250 So.2d 655 (2 D.C.A. Fla., 1971), the court found to be clearly erroneous a trial court order which had required production of certain accident reports required by s. 350.45(1), F. S., to be made by common carriers to the Public Service Commission which statute provided that "no such report shall be competent evidence in any court against the common carriers making it in any court." The court construed this proviso as rendering privileged the reports required to be made by such common carriers and filed with the Public Service Commission. The court in Fogarty further observed that such reports were no less confidential than accident reports required by s. 317.131, F. S. 1969, nor any more amenable to discovery. See Nationwide Insurance Co., Pinellas Co. v. Monroe, 276 So.2d 547 (2 D.C.A. Fla., 1973), cert. denied,283 So.2d 366, holding that the statement of deputy sheriff given in compliance with the statute requiring an accident report, s.316.066 (former ss. 317.131 and 317.171), is immune from discovery except as to its existence. It is noteworthy that Ch. 75- 101, supra, while providing civil liability for proscribed disclosure, does not provide that the information and records therein mentioned are not admissible in civil or criminal proceedings in the courts and that Ch. 75-185, supra, likewise does not provide that the s. 827.07(7), F. S., information, reports, and records are inadmissible in court or beyond the process of the court. To the contrary, s. 827.07(8) requires reports received and investigated pursuant to s. 827.07(6) to be immediately transmitted to the circuit court. Thus, Fogarty does not necessarily control the answer to this question because neither Ch. 75-101 nor Ch. 75-185 contains provisions similar to s. 350.45(1), making reports mentioned therein inadmissible in any action against the carriers, or ss. 317.131 and 317.171, F. S. 1969, and present s. 316.066, F. S., making the accident reports inadmissible in any civil or criminal trial except as therein specifically provided for certain limited purposes. Moreover, an additional factor which must be considered is the language of former s. 828.041(7) which was deleted in the subsequent amendatory act. This now deleted provision permitted disclosure of records in the registry "to counsel representing the person in any civil or criminal proceeding." Accordingly, this office is unable to render a definitive opinion on this question. This issue must instead be resolved by the courts based on a case-by-case analysis of the facts in any given situation. AS TO QUESTION 3: In response to your third question, I must again decline to give a definitive answer and, instead, defer resolution of this question to the courts when presented in an appropriate judicial proceeding. I would add, however, that although this question deals with depositions as opposed to discovery or inspection of tangible documents or "records," I do not believe that this distinction would require a different answer from that provided in response to question number 2. Chapter 75-101, supra, in effect prohibits disclosure — i.e., any disclosure by any means, oral or written — of any information contained in the registry or the records of a child-abuse case. Chapter 75-185, supra, makes all information in the registry and all reports or records, and necessarily and impliedly the information contained therein, confidential. Once a document is made confidential by the Legislature, the information may not be disclosed regardless of the physical form of such disclosure. Accord: Attorney General Opinion 075-203. AS TO QUESTION 4: I am of the view that the Division of Family Services may call law enforcement officials directly without first contacting the state attorney when an urgent situation exists requiring immediate police action or protection of the safety and welfare of children. The statute requires the department to "secure the cooperation of law enforcement officials" and, in turn, law enforcement has a corresponding duty to, inter alia, "give full cooperation to the department" and "to protect and enhance the welfare of abused children" and/or other children potentially subject to abuse. While the statute requires the department to immediately and orally notify the state attorney who shall assist local law enforcement officers in the investigation of the case when it has reason to believe that a child has been criminally abused, there is nothing in the statute which either requires the state attorney to immediately contact local law enforcement officials or furnish any immediately necessary police action or protection or which expressly or by necessary implication prohibits the department from so proceeding. Therefore, nothing in the statute purports to prohibit the department or its authorized agents from contacting both the state attorney and local law enforcement officials or initially contacting local law enforcement officials and immediately thereafter notifying the state attorney when an urgent situation exists requiring police action and protection of the safety and welfare of the child or children involved. I do not believe that the prohibition regarding release of confidential information was intended to or does apply to release of information to the state attorney and local law enforcement personnel assisting in the investigation of a case of a criminally abused child. These authorities obviously must be provided with whatever information is necessary for them to conduct a thorough investigation and prosecution, if required, of the case. Section 827.07(11), F. S., specifically exempts a person from personal liability for disclosure of information when provided for within s. 827.07, F. S. Since s. 827.07 requires the state attorney and local law enforcement officials to assist in a case of possible criminal abuse, information forwarded to these agencies as part of an investigation would remain confidential and would not subject the sender of such information to personal liability or criminal penalties pursuant to s. 827.07(11). In regard to question 4(d), I am of the view that when s. 827.07(8), F. S., relating to transmittal of the report to the state attorney, s. 827.07(6), F. S., relating to investigations upon receipt of a report, and the title to Ch. 75-185, supra, stating that a report of such findings will be transmitted to the state attorney, are read in pari materia, it is apparent that the findings of the investigation made pursuant to s. 827.07(6) or the entire report of the investigation — except for the name of the person reporting the child abuse — rendered to and received by the department may be transmitted to the state attorney. However, in specific regard to the names of persons reporting child abuse, a different conclusion must be reached. Section 827.07(7), F. S. (s. 1, Ch. 75-185, supra), provides that: . . . the names of persons reporting abuse shall in no case be released to any person, other than employees of the department involved in the investigation of reports of abuse, without the written consent of the person reporting. (Emphasis supplied.) The only individuals who are permitted access to this information without the written consent of the person reporting the abuse are employees of the department who perform department investigations of reports of child abuse. There is no provision which excepts state attorneys, the police, or the courts from this prohibition. By specifically exempting only employees of the department involved in child-abuse investigations from the prohibition found at s. 827.07(7), the Legislature in effect expressed its intention to make the prohibition applicable to all other persons. The rule of statutory construction, "the express mention of one thing is the exclusion of another," see Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944), and Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), compels the conclusion that this prohibition is applicable to state attorneys, the police, and the courts, and, accordingly, the names of persons reporting abuse should not be furnished to these agencies or individuals without the written authorization of the person who reported the abuse. This conclusion is bolstered by Ch. 75-101, Laws of Florida, which provides that: Any person who willfully or knowingly makes public or discloses any information contained in the child abuse registry or the records of any child abuse case except as provided in this section may be held personally liable. . . . Because of the very real possibility that certain individuals who have committed crimes involving criminal child abuse or maltreatment will avoid prosecution because Ch. 75-185, supra, prohibits state attorneys and police from, in certain instances, obtaining information which could be critical to a successful criminal investigation and prosecution, I intend to strongly urge that the Legislature consider remedial legislation revising both Chs. 75-101 and 75-185 as quickly as possible. While certain of the confidentiality provisions should be continued because of the admittedly sensitive nature of this information, at the same time it should not be permitted to frustrate or impede investigative and prosecutorial functions of criminal justice agencies or to allow individuals who have committed criminal acts against children to escape detection and/or punishment.