STATE *ex rel.* J. R.

*v.*

THE HONORABLE A. ANDREW MACQUEEN, *Judge, etc.*

(No. 14510)

Decided November 6, 1979.

*Spilman, Thomas, Battle & Klostermeyer, Charles L. Woody* for relator.

*Chauncey H. Browning,* Attorney General, *Gray Silver, III,* Assistant Attorney General, for respondent.

CAPLAN, CHIEF JUSTICE:

In this original proceeding in Prohibition, J. R., a juvenile, seeks to prohibit the Circuit Court of Kanawha

County from further proceeding in a hearing on parole revocation. The petitioner was charged with violation of conditions Nos. 1 and 3 of his parole order. Condition No. 1 provides "[t]hat the child shall not violate the laws of this State, nor any state of the United States, nor of any city within the boundaries thereof". Condition No. 3 requires the petitioner to "report as directed by the Court or his probation officer".

The petitioner was adjudicated a juvenile delinquent subsequent to being found guilty of truancy and breaking and entering. He was placed in the Industrial School for Boys on or about April 15, 1978. In December of the same year, the petitioner was placed on parole for a period of one year or until further order of the court.

In January 1979, a petition was executed charging the petitioner with the commission of robbery by violence. The petition was never filed with the circuit court, but, pursuant thereto, the petitioner was taken into custody and placed in the Kanawha Home for Children in Dunbar. Two days later the petitioner was given notice of a proposed hearing on the alleged parole violations. The notice set forth the conditions of parole allegedly violated, the specific facts upon which the alleged violations were predicated, the fact that a probable cause hearing would be held and, if necessary, that a revocation hearing would be scheduled.

At the preliminary hearing it was determined that there was probable cause to believe a parole violation occurred and a parole revocation hearing was scheduled for February 13, 1979 in the Circuit Court of Kanawha County. At that hearing, the petitioner's counsel moved to dismiss the parole revocation proceeding contending that the court had no statutory authority to proceed against a juvenile on an alleged parole violation; that the State by using *W. Va. Code*, 1931, 49-5-14, as amended, in conjunction with the revocation procedure for adult parolees was depriving the petitioner of due process of law; and that the petitioner's parole could not be revoked before he was convicted of a violation of state

law upon a formal charge. Furthermore, says the petitioner, the standard of proof of such violation must be that of "proof beyond a reasonable doubt". The circuit court denied the motion but stayed the proceeding to permit the petitioner to seek prohibition here. This proceeding followed.

The petitioner contends that *W. Va. Code*, 1931, 49-5-14, as amended, deals solely with the modification of dispositional orders and does not encompass procedures for revocation of parole. We disagree. The order of December 11, 1978 placing the petitioner on parole was a dispositional order. The above statute provides in part, "[i]f the motion or request for review of disposition is based upon an alleged violation of a court order [it was alleged that the petitioner violated the court's order not to violate the law], the court may modify the dispositional order to a more restrictive alternative if it finds clear and convincing proof of substantial violation."

This petitioner, having been adjudicated a delinquent child, was committed to a rehabilitation facility and, under the provisions of *W. Va. Code*, 1931, 49-5-13(b)(6), as amended, was returned to the court "for further disposition". This was done pursuant to the continuing jurisdiction of the court in juvenile matters. *W. Va. Code*, 1931, 49-5-2 as amended. As noted, the court entered an order placing the petitioner on parole, this being the "further disposition" referred to above. We find that the court properly proceeded under *W. Va. Code*, 1931, 49-5-14, as amended.

It is the further assertion of the petitioner that the application of adult parole revocation procedures, in conjunction with *W. Va. Code*, 1931, 49-5-14, as amended, to the revocation of parole of a juvenile is constitutionally impermissible. It is of no moment that there is no express statutory procedure for juvenile parole revocation. We have found that the court can act to modify a dispositional order and that such act may be the revocation of parole which was granted by such dispositional order. It is of great moment, however, that a juvenile being

subjected to parole revocation be afforded all of the constitutional protections afforded an adult.

Neither the United States Supreme Court nor this Court has expressly spoken to the procedural requirements due a juvenile in parole revocation proceedings. In a series of cases, however, the Supreme Court has held that juveniles are entitled to procedural protections previously denied them under the doctrine of *parens patriae*. The command of these cases is that the constitutional rights of the juvenile can no longer be ignored but that he must be afforded constitutional due process and fair treatment. *Breed v. Jones*, 421 U.S. 519, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975); *In Re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *In Re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967); *Kent v. United States*, 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966).

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the Court addressed the issue of the extent to which, if any, constitutional due process must be afforded in parole revocation proceedings. First, it was decided that a parolee's liberty, although indeterminate is valuable and is within the protection of the Fourteenth Amendment; its termination, therefore, calls for some orderly process, however informal. However, that Court further said "that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."

The Court, in *Morrissey*, then listed the following minimum requirements of due process to be afforded in parole revocations: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . .; and (f) a written statement

by the factfinders as to the evidence relied on and reasons for revoking parole."

*Morrissey v. Brewer, supra,* has been cited by this Court for the proposition that certain due process rights shall be afforded to adults in parole revocation proceedings. *Dobbs v. Wallace,* ____ W. Va. ____, 201 S.E.2d 914 (1974). See *Conner v. Griffith,* ____ W. Va. ____, 238 S.E.2d 529 (1977). We perceive no reason why the same due process rights should not apply to juvenile parole revocations.

Many jurisdictions have held that juveniles are entitled to at least a minimum of procedural due process rights in parole revocation proceedings. Cf. *Morgan v. MacLaren School,* 23 Or. App. 546, 543 P.2d 304 (1975); *State ex rel. R. R. v. Schmidt,* 63 Wis. 2d 82, 216 N.W.2d 18 (1974); *State ex rel. Bernal v. Hershman,* 54 Wis. 2d 626, 196 N.W.2d 721 (1972); *People ex rel. Silbert v. Cohen,* 29 N.Y.2d 12, 323 N.Y. S. 2d 422, 271 N.E.2d 908 (1971) and *State ex rel. D. E. v. Keller,* 251 So.2d 703 (Fla. 1971).

We agree with the thrust of the above cited cases. The nature of the interest of the juvenile parolee is no less valuable than that of an adult parolee. The termination of liberty afforded by parole must be accomplished through some orderly process. The circuit court in the instant case is proceeding by orderly process to revoke the petitioner's parole. It is employing the process used in adult parole revocations together with the procedure for the modification of dispositional orders in juvenile cases as provided in *W. Va. Code,* 1931, 49-5-14, as amended.

Let us look now to the procedures followed in the instant case to determine whether this petitioner is being afforded the due process required by *Morrissey* and other authorities cited. He received written notice of the claimed parole violations and a disclosure of the evidence against him. There is no indication that he will not be afforded an opportunity to be heard and present evidence; that he will not be afforded the right to con-

front his accusers before a neutral and detached hearing body; and, that he will not be informed of the reasons for revocation should his parole be revoked. Clearly, the procedure being followed by the court will afford the petitioner the due process protections contemplated by the state and federal constitutions.

The petitioner's basic contention, however, is that his parole cannot be revoked on the ground that he violated the law unless he is convicted on a formal charge in an adjudicatory proceeding upon proof beyond a reasonable doubt. This contention is without merit. As noted, we have approved the procedure employed by the court so long as minimal due process protections are afforded.

The legislature, in requiring "clear and convincing proof of substantial violation", under *W. Va. Code,* 1931, 49-5-14, as amended, explicitly set forth a higher standard of proof than that required in adult revocation proceedings. Violation of parole of an adult may be proved if "it shall appear *to the satisfaction of the board* that the parolee has violated any condition of his release on parole." (emphasis supplied) *W. Va. Code,* 1931, 62-12-19, as amended. The *Morrissey* court noted that parole revocation is not a part of a criminal prosecution and that the full panoply of rights due a defendant in such proceeding need not be afforded in revocation of parole.

In determining whether the petitioner violated its order, the Court contemplates employing the standard of "clear and convincing proof", as provided by *W. Va. Code,* 1931, 49-5-14, as amended. This standard of proof in juvenile parole revocation proceedings is not constitutionally deficient. Cf. *Interest of Daniels,* 37 Ill. App. 3d 975, 347 N.E.2d 479 (1976); *State ex rel Gillard v. Cook,* 528 S.W.2d 545 (Tenn. 1975); *In Re Maricopa County,* 111 Arizona 135, 524 P.2d 1310 (1974); and *People ex rel. D. S.,* 31 Colo. App. 300, 502 P.2d 95 (1972).

Parole revocation is not a criminal prosecution. It is a proceeding stemming from an alleged violation of the conditions imposed as a condition of release from con-

finement. The violation may be proved as noted herein and the revocation may be effected so long as the minimum requirements of due process are afforded. A conviction on a formal charge is not a prerequisite.

For the reasons stated herein the Writ of Prohibition is denied.

*Writ denied.*