DARWIN L. ZWIEG, District Attorney Clark County
You have requested my opinion whether a juvenile, who resides in the State of Wisconsin, can be prosecuted in this state for delinquent acts committed out of state; specifically, the theft and operation without owner's consent of a motor vehicle in North Dakota.
Before the 1977 repeal and recreation of sec. 48.12, Stats., the answer would certainly have been "yes." See 62 Op. Att'y Gen. 229 (1973). It is my opinion that the various changes in sec. 48.12, Stats., have not narrowed the juvenile jurisdiction of the courts. They retain juvenile jurisdiction over a Wisconsin resident child who commits crimes in another state. Former sec. 48.12, Stats. (1971), provided:
 The juvenile court has exclusive jurisdiction, except as provided in s. 48.17 and 48.18 over any child:
 (1) Who is alleged to be delinquent because he has violated any federal criminal law, criminal law of any state, or any county, town or municipal ordinance that conforms in substance to the criminal law.
This section was repealed and recreated by ch. 354, sec. 22, Laws of 1977, to read: "The court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older *Page 144 
who is alleged to be delinquent because he or she has violated any federal or state criminal law."
Section 48.12, Stats., was amended by ch. 135, sec. 2, Laws of 1979, and was renumbered as sec. 48.12(1), Stats., by ch. 300, sec. 8(m), Laws of 1979. Therefore, sec. 48.12(1), Stats., now reads: "The court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent as defined in s. 48.02(3m)."
Section 48.02(3m), Stats., was created by ch. 135, sec. 1, Laws of 1979. It provides: "`Delinquent' means a child who is less than 18 years of age and 12 years of age or older who has violated any state or federal criminal law, except as provided in ss. 48.17 and 48.18."
At the same time that sec. 48.12, Stats., was repealed and recreated in the Laws of 1977, the Legislature also created sec. 48.125, Stats., ch. 354, sec. 23, Laws of 1977. That section, effective November 17, 1978, provides: "The court has exclusive jurisdiction over any child alleged to have violated a law punishable by forfeiture or a county, town or other municipal ordinance, except as provided under s. 48.17."
These changes reflect the removal of the jurisdictional provision for ordinance violations from 48.12, Stats., and the creation of a separate statutory section, sec. 48.125, Stats., to deal with those matters. It appears that this change was the primary reason for the language change which raised the doubt in your mind as to whether jurisdiction still exists over juveniles who violate the criminal laws of other states.
The reference to violations of the "criminal law of any state" in former sec. 48.12(1), Stats., Laws of 1971, distinguished that phrase from the one which immediately followed it, "or any county, town or municipal ordinance that conforms in substance to the criminal law." The phrase "criminal law of any state," then, was a limiting phrase, excluding from jurisdiction juveniles involved in anything less than criminal law violations of other states. Therefore, the court would not have jurisdiction over juveniles alleged to have only violated an ordinance of another state, even though that violation might conform in substance to that state's criminal law. *Page 145 
With the removal from sec. 48.12, Stats., of the language dealing with ordinance violations, there was no longer a need to provide such a sharp distinction when referring to state criminal law violations in sec. 48.12, Stats. The plain language still evidences legislative intent to vest the courts with broad juvenile jurisdiction based upon both in and out-of-state criminal conduct. The section still provides for jurisdiction over juveniles alleged to have violated federal criminal law. Clearly, the courts of this state normally cannot exercise jurisdiction over alleged violations of the United States Criminal Code. The provision granting jurisdiction over juveniles who violate "any" state criminal law is immediately before that providing jurisdiction over those who violate federal criminal law. When read together, these phrases appear to be identical in substance, if not in words, to the out-of-state jurisdictional provision of former sec. 48.12(1), Stats.
The only change of substance from old sec. 48.12(1), Stats., to the present law, therefore, appears to have been the removal of the jurisdictional provision for ordinance violations from that section to its own section, sec. 48.125, Stats. There is nothing to indicate that the Legislature went any further to limit the scope of juvenile jurisdiction to only those children alleged to have violated "any state of Wisconsin or federal criminal law" under sec. 48.02(3m), Stats.
Further, the venue statute, sec. 48.185, Stats., appears to contemplate this situation in which jurisdiction exists over out-of-state violators. Even though there is no direct reference in that provision to violations of the federal criminal law or of the criminal law of another state, it does provide that venue may be in "the county where the child resides, the county where the child is present or, in the case of a violation of a state law or a county, town or municipal ordinance, the county where the violation occurred." Sec. 48.185(1), Stats. Therefore, in the case of a federal or out-of-state criminal law violation, sec.48.185, Stats., allows that venue be in the county where the child resides, or where he is present, even though the violation may have occurred elsewhere.
In reviewing sec. 48.12(1), Stats., a court might conclude that the language is unambiguous and clearly grants jurisdiction over Wisconsin resident juveniles alleged to have violated another state's criminal law. However, the 1977 changes may have created an ambiguity *Page 146 
resulting in the jurisdictional question which you now raise. Even assuming ambiguity, however, a court would probably find that sec. 48.12(1), Stats., still provides jurisdiction over alleged juvenile violators of another state's criminal law.
When one of several interpretations of a statute is possible, the court must determine the legislative intent from the language of the statute in relation to its scope, history, context, subject matter, and object intended to be accomplished. Heaton v.Independent Mortuary Corp., 97 Wis.2d 379, 394, 294 N.W.2d 15
(1980); State ex rel. First National Bank Trust Company ofRacine v. Skow, 91 Wis.2d 773, 779, 284 N.W.2d 74 (1979).
The scope of the language which now appears at sec. 48.02(3m), Stats., is not expressly limited to violations of onlyWisconsin's criminal statutes. Rather, it encompasses violations of "any state or federal criminal law."
The statutory history reveals that, at least from 1971 to 1977, sec. 48.12, Stats., did expressly confer jurisdiction on the courts over juveniles alleged to have violated criminal laws "of any state." See 62 Op. Att'y Gen. 229 (1973).
Again, one must consider the context in the former statute where the language immediately preceded the language referring to ordinance violations. In its present context, the language does not have to be distinguished from mere ordinance violations, since those have been given their own statutory section, sec. 48.125, Stats.
The subject matter of 48.12, Stats., is the exercise of juvenile jurisdiction over children alleged to be delinquent. The object intended to be accomplished by this and other provisions of the juvenile code is the antithesis of criminal prosecution; not to punish but to diagnose the cause of the child's problems and help resolve them. The court is to arrive at a result that will serve the best interests of the child, its parents, and the public. State ex rel. State Public Defender v. Percy, 97 Wis.2d 627,634-35, 294 N.W.2d 528 (Ct.App. 1980); Winburn v. State,32 Wis.2d 152, 158, 145 N.W.2d 178 (1966).
Read in this light, it appears that the language of secs. 48.12 and 48.02(3m) Stats., as it now stands, does permit the exercise of juvenile *Page 147 
jurisdiction over children who are residents of this state but who violated the criminal laws of other states.
A constitutional challenge to this broad scope of juvenile jurisdiction, on the ground that the accused has the right to be tried in the state where the crime was committed, would be met by the fact that these are not criminal proceedings. While a criminal defendant does have the right to be tried in the state where the crime occurred, only principles of due process limit the exercise of juvenile jurisdiction.
The Wisconsin Court of Appeals recently reviewed the Wisconsin law which reflects the substantial difference in philosophy and approach of the juvenile courts from the criminal courts. InPercy, the court stated, at 634-35:
 "[T] he role of the juvenile court is not to determine guilt or to assign fault, but to diagnose the cause of the child's problems and help resolve those problems." State ex rel. Herget v. Waukesha Co. Cir. Ct., 84 Wis.2d 435, 451, 267 N.W.2d 309, 316 (1978). The code "can hardly be said to provide a remedy for a wrong." State ex rel. Koopman v. Waukesha Co. Ct. Judges, 38 Wis.2d 492, 498, 157 N.W.2d 623, 626 (1968) . . . .
 An adjudication of delinquency or the disposition of a delinquent is even less a "criminal liability for offenses committed" or a penalty or a forfeiture, as those terms are used in sec. 990.04, Stats., than it is a civil liability. Commitment of a juvenile to the department is not for the purpose of penalty or punishment, but to effect a result which will serve the best interests of the child, its parents, and the public. In re Interest of J. K. (a minor), 68 Wis.2d 426, 431, 228 N.W.2d 713
(1975). "The entire philosophy of the Children's Code is avowedly the antithesis of criminal prosecution." Winburn v. State, 32 Wis.2d 152, 158, 145 N.W.2d 178, 180 (1966).
This broad jurisdictional scope does not conflict with the due process dictates of In re Gault, 387 U.S. 1 (1967), and In reWinship, 397 U.S. 358 (1970). See, 62 Op. Att'y Gen. at 231-32.
The safeguards mandated by those decisions are: notice of the charge, the right to counsel, the right of confrontation and *Page 148 
cross-examination, the privilege against self-incrimination, and proof by the state of guilt beyond a reasonable doubt. As long as these requirements are met (which, as a practical matter, will be more difficult in the case of an out-of-state criminal law violation), due process has been accorded the juvenile. Again, since this is not a criminal prosecution, but is, in fact, the very antithesis thereof, the state can prosecute and the court adjudicate a juvenile for delinquent acts alleged to have been in violation of another state's criminal laws.
BCL:DJO