298 S.E.2d 834

**STATE ex rel. E.K.C., an infant, By his mother, D.C.**

**v.**

**The Honorable David B. DAUGHERTY of the Circuit Court of Cabell County.**

No. 15596.

Supreme Court of Appeals of West Virginia.

Dec. 7, 1982.

Paul Mones, Morgantown, for relators.

Chauncey H. Browning, Atty. Gen. and Janet F. Steele, Asst. Atty. Gen., Charleston, for respondent.

PER CURIAM:

In this original proceeding in prohibition, the relator, E.K.C., a juvenile, alleges that the respondent has unconstitutionally incarcerated him in the Cabell County Youth Center at Ona, West Virginia. He prays that this Court prohibit such incarceration, and he avers that his status as a juvenile probationer should not be revoked until he has been afforded a hearing. We conclude that the relator is entitled to the relief which he seeks, and we issue the Writ of Prohibition.

On March 17, 1982, the respondent judge of the Circuit Court of Cabell County entered an order adjudicating the relator a delinquent child and committing him to the Cabell County Youth Center at Ona. The

commitment was suspended, however, and the relator was placed on probation. A condition of the probation was that if the relator was suspended from school for any reason he could be placed in the detention home or placed under house arrest at the discretion of the placement officer.

On two occasions after March 17, 1982, the relator was suspended from school and temporarily placed in the Ona Detention Center. On each occasion he was incarcerated without being given a hearing.

In the present proceeding the relator alleges, among other points, that the due process clauses of both the Federal and State Constitutions require that he be given a hearing before his probation is revoked.

In *State ex rel. J.R. v. MacQueen,* 163 W.Va. 620, 259 S.E.2d 420 (1979), we noted that the Supreme Court of the United States has mandated that juveniles be afforded due process and fair treatment. *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). We concluded that in the parole context:

"The nature of the interest of the juvenile parolee is no less valuable than that of an adult parolee. A juvenile being subjected to parole revocation must be afforded all of the constitutional protections afforded an adult in a parole revocation proceeding." Syllabus point 1, *State ex rel. J.R. v. MacQueen, supra.*

At the Federal level the Supreme Court of the United States has applied essentially the same due process standards for both probation revocation proceedings and parole revocation proceedings. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We have also recognized that essentially the same standards apply; and in *Dobbs v. Wallace,* 157 W.Va. 405, 201 S.E.2d 914 (1974), and *Louk v. Haynes,* 159 W.Va. 482, 223 S.E.2d 780 (1976), we

relied on both *Gagnon v. Scarpelli, supra,* and *Morrissey v. Brewer, supra,* in reaching our conclusions.

In speaking of the rights to be afforded adults in probation proceedings, we have said, in syllabus point 9 of *Louk v. Haynes, supra:*

"A person who is arrested for violating his conditions of probation is entitled to a preliminary and a final revocation hearing."

In *Louk v. Haynes, supra,* we utilized the procedural guidelines for a final revocation hearing set by the United States Supreme Court in *Gagnon v. Scarpelli, supra,* and *Morrissey v. Brewer, supra,* which were:

"The final revocation proceeding required by the due process clause of the Fourteenth Amendment and necessitated by W.Va.Code, 62–12–10, *as amended,* must accord an accused with the following requisite minimal procedural protections: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a 'neutral and detached' hearing officer; (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revocation of probation." Syllabus point 12, *State v. Louk, supra.*

As in a parole revocation proceeding the question involved in a probation revocation proceeding is whether a juvenile will remain at liberty or whether he will be incarcerated. As previously stated the Supreme Court of the United States has recognized that probationers and parolees were entitled to essentially the same due process rights. In line with this we conclude that the interest of a probationer is no less valuable than that of the parolee and that the probationer must be afforded full due process guarantees in a revocation proceeding. We also conclude that the juvenile probationer, being in a situation analogous to that of the juvenile parolee, should be

afforded the same rights as an adult probationer, a result clearly mandated by *State ex rel. J.R. v. MacQueen, supra.* We, therefore, hold that the nature of the interest of the juvenile probationer is no less valuable than that of an adult probationer. A juvenile being subjected to probation revocation must be afforded all the constitutional protections afforded an adult in a probation revocation proceeding.

In the case before us we note that the court's probation order provided that if the relator was suspended from school for any reason he could be placed in the detention home or under house arrest at the discretion of the placement officer. It is apparent from this order, and from the subsequent actual incarcerations of the relator, that the court, in effect, by this provision authorized the termination of the relator's liberty before he had been afforded a hearing and before he had been assured the full due process guarantees allowed an adult probationer under *State v. Louk, supra.*

Accordingly we conclude that a writ of prohibition should issue prohibiting the respondent from allowing the incarceration of the relator pursuant to the probation order or pursuant to probation proceedings unless and until the relator is afforded the full due process guarantees accorded an adult in a probation revocation proceeding.

Writ issued.